379 A.2d 1055

**COMMONWEALTH of Pennsylvania**

v.

**William JONES, Appellant.**

Supreme Court of Pennsylvania.

Argued April 18, 1974.

Decided Oct. 28, 1977.

96

Harold L. Randolph, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Richard A. Sprague, First Asst. Dist. Atty., David Richman, Asst. Dist. Atty., Chief, Appeals Div., James J. Wilson, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## ORDER

PER CURIAM.

In September of 1972, appellant was found guilty of murder in the first degree as the result of the killing of one Theodore Roberts in the City of Philadelphia on November 9, 1971. Motions for a new trial and in arrest of judgment were filed and heard by a court en banc. The motions were denied and appellant was sentenced to life imprisonment. This direct appeal followed.[1]

Appellant raises three grounds in support of his claim for relief. First, he assigns the trial judge's refusal to charge the jury on voluntary manslaughter upon his request. The

---

1. The jurisdiction of this Court over the instant appeal is found in the Act of July 31, 1970, P.L. 673, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp.1976–77).

second assignment of error is the trial judge's denial of his request to place the issue of voluntary intoxication before the jury. Finally, appellant cites several alleged errors in the trial court's instructions to the jury.

Mr. Justice O'BRIEN, Mr. Justice ROBERTS and Mr. Justice MANDERINO would reverse the judgment of sentence and award a new trial because of the trial judge's failure to charge the jury on voluntary manslaughter. Mr. Justice POMEROY would reverse the judgment of sentence and grant a new trial on the court's refusal to charge the jury as to the issue of voluntary intoxication.[2] Since four members of this Court are in favor of the reversal of the judgment of sentence and the grant of a new trial, albeit for different reasons, the judgment of sentence is hereby reversed and the appellant is awarded a new trial.

EAGEN, C. J., and NIX, J., would affirm the judgment of sentence.

JONES, former C. J., did not participate in the decision of this case.

**2.** Mr. Justice ROBERTS and Mr. Justice MANDERINO would also grant relief on this ground.